UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EZEQUIEL MARQUES DA SILVA,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent of Plymouth County Correctional Facility, PATRICIA HYDE, Field Office Director, MICHAEL KROL, HSI New England Special Agent in Charge; TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security, US DEPARTMENT OF HOMELAND SECURITY, and PAMELA BONDI, Attorney General of the United States,<br><br>Respondents. | Civil Action No. 25-13520-MJJ |

**MEMORANDUM OF DECISION AND ORDER**

December 12, 2025

JOUN, D.J.

     Ezequiel Marques Da Silva ("Mr. Da Silva" or "Petitioner") is a citizen of Brazil, who entered the United States without inspection on or about May 21, 2022. [Doc. No. 1 at ¶ 20]. On August 6, 2025, Mr. Da Silva was charged with Larceny by Check over $2000. [Doc. No. 10-1]. On November 22, 2025, Immigration and Customs Enforcement arrested Mr. Da Silva while he was at work in Everett, Massachusetts. [Doc. No. 1 at ¶ 21]. Mr. Da Silva petitions the Court under 28 U.S.C. § 2241 and the Due Process Clause of the Fifth Amendment for relief from detention.

In their Response to Habeas Petition, Respondents assert that Mr. Da Silva is lawfully detained without a bond hearing pursuant to 8 U.S.C. § 1226(c). I agree. Section 1226(c)(1)(E)(ii) provides that Respondents "shall take into custody any alien who . . . is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting . . . ." It is undisputed that Mr. Da Silva was charged with Larceny by Check over $2000 on August 6, 2025. As such, I must deny Mr. Da Silva's petition under Section 1226(c).[1]

For the foregoing reasons, the Petition for Writ of Habeas is <u>DENIED</u>.
SO ORDERED.

/s/ Myong J. Joun<br>
United States District Judge

---

[1] Mandatory detention under § 1226(c) without a bond hearing can violate the Due Process Clause when it becomes unreasonably prolonged. *Reid v. Donelan*, 819 F.3d 486, 494 (1st Cir. 2016). Here, however, Mr. Da Silva has been detained for less than a month, which is not unreasonably prolonged.